IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR PRODUCTS LLC,<br><br>                  Plaintiff,<br><br>    v.<br><br>CIECH, S.A.,<br><br>                  Defendant. | Civil Action No. 12-6953 |

### DECLARATION OF STEPHEN S. FERRARA IN SUPPORT OF
### AIR PRODUCTS LLC'S OPPOSITION TO CIECH S.A.'S MOTION TO DISMISS
### THE SECOND AMENDED COMPLAINT BASED ON *FORUM NON CONVENIENS*

I, Stephen S. Ferrara, declare as follows:

1. I am over the age of eighteen, of sound mind, and otherwise fully competent to render this Declaration. I have personal knowledge of the matters stated herein, and they are true and correct. I make this Declaration in support of Air Products LLC's Opposition to Defendant Ciech S.A.'s Motion To Dismiss the Second Amended Complaint based on *forum non conveniens*.

2. I am the Assistant General Counsel-Litigation and Government Regulation for Air Products and Chemicals, Inc., a company that is the ultimate parent of the sole member of Air Products LLC ("Air Products" or "Plaintiff"). I joined Air Products and Chemicals, Inc. in 1985 and have held my current role since 2007. Through that role, I have familiarity with the manner in which Air Products maintains both physical records (papers and physical files) and electronic records (emails and documents stored on local computers or the Air Products network).

3. In connection with the filing and prosecution of this action and other related actions, representatives of Air Products and its counsel to date have identified 39 current and former employees as individuals likely to have documents or information related to Air Products' claims against Ciech, S.A. ("Ciech" or "Defendant"). Of those 39 individuals, 25 of them maintain their offices in Trexlertown, Pennsylvania.

4. Air Products maintains its principal corporate offices and related documents within this District. In addition, the overwhelming majority of all Air Products documents that I believe to be relevant to this dispute have either always been located within this District or have been collected and are now located within this District. Those documents are largely written in English.

5. Of those individuals involved in the negotiation of the 2010 supply agreement between Air Products and Ciech's subsidiary, Zaklady Chemiczne Zachem S.A. ("Zachem"), only one resides in Poland. That individual is a dual U.S./Polish national, owns and maintains a residence in the United States, frequently travels to the United States for business and personal reasons, and speaks fluent English. Should that individual's testimony be required in this action, by deposition or otherwise, Air Products will make him available in this District or at such other place as agreed between Air Products and Ciech.

6. I am also aware that Defendant acknowledges in its Memorandum of Law in Support of its Motion To Dismiss the Second Amended Complaint (the "Memorandum") that Plaintiff and one of its affiliates brought arbitration proceedings against Ciech's subsidiary Zachem before the International Chamber of Commerce in London ("the London Arbitration"), as required under a contract between Plaintiff and Zachem. *See* Memorandum, p. 14. Ciech is

not a party to that arbitration, and Air Products has no right to compel Ciech to arbitrate (in London or anywhere else) the claims Air Products has asserted in this action.

7. Certain aspects of the London Arbitration implicate facts that may also be relevant to this action. In the London Arbitration, the pleadings are submitted in English, the hearings will be held in English, the witnesses are to be examined in English (or translated simultaneously into English); and all evidence received by the arbitral tribunal must be in English. Accordingly, any documents from Ciech or Zachem that are in Polish and are submitted to the London Arbitration panel will be translated into English. Neither Zachem nor Ciech has objected to this process.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2013

_____
Stephen S. Ferrara