IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR PRODUCTS LLC,<br><br>                     Plaintiff,<br><br>    v.<br><br>CIECH, S.A.,<br><br>                     Defendant. | Civil Action No. 12-6953 |

**DECLARATION OF THOMAS PILLITTERI IN SUPPORT OF
AIR PRODUCTS LLC'S OPPOSITION TO CIECH S.A.'S MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT BASED ON *FORUM NON CONVENIENS***

I, Thomas Pillitteri, declare as follows:

    1.    I am over the age of eighteen, of sound mind, and otherwise fully competent to render this Declaration. I have personal knowledge of the matters stated herein, and they are true and correct. I make this Declaration in support of Air Products LLC's Opposition to Defendant Ciech S.A.'s Motion To Dismiss the Second Amended Complaint based on *forum non conveniens*.

    2.    I am a resident of Pennsylvania and have maintained an office in this District for 34 of the past 38 years, including during the period relevant to this dispute.

    3.    I am the former Business Manager of the Polyurethane Intermediates Division of Air Products and Chemicals, Inc., a company that is the ultimate parent of the sole member of Air Products LLC ("Air Products" or "Plaintiff"). I held this role from approximately late 2006 until my retirement in 2013. I have substantial personal knowledge of the interactions between Air Products and Defendant, as well as the interactions between Air Products and Defendant's subsidiary, Zachem.

4. I am informed that Plaintiff is a limited liability company formed under the laws of the State of Delaware. Both the sole member of Air Products and the sole member's ultimate parent are Delaware corporations with their principal place of business in Trexlertown, Pennsylvania.

5. I am familiar with the Second Amended Complaint in this action (the "Complaint"). I am also aware that Defendant, in its Memorandum of Law in Support of its Motion To Dismiss the Second Amended Complaint (the "Memorandum"), claims that this action "has its center of gravity in Poland." *See* Memorandum, p. 27. Although I express no view on legal conclusions, I do have personal knowledge of the following facts.

6. Every agreement referenced in the Memorandum is governed by United States law, specifically the commercial law of the State of New York.

7. I was the principal negotiator with Zachem and Ciech during the period relevant to this action. Those negotiations and contacts, which related to the terms of the parties' relationship, the price concessions described in the Complaint and the Memorandum, and the negotiations of all supply and guaranty agreements mentioned in the Complaint and the Memorandum, were conducted in English through correspondence and in-person meetings.

8. All of my correspondence from Ciech or Zachem relating to the matters described in the Complaint was directed to my former office in Trexlertown, Pennsylvania. The converse is also true: all of the correspondence I sent to Ciech or Zachem related to the matters described in the Complaint originated here.

9. I participated in in-person meetings with senior representatives of Ciech within this District. A number of those meetings, as well as some of the correspondence directed to Air Products in this District, are described at Paragraphs 20-22 of the Complaint.

10. I note also that, as the Memorandum states, the relationship between Air Products and Ciech (and its subsidiary Zachem) concerned the supply by Air Products of a chemical, abbreviated as "TDA." As the Memorandum notes at several places (*see, e.g.*, Memorandum at 12, 14, 27), Air Products has supplied TDA both from Germany and from Texas, but never from Poland. Indeed, at no time did Air Products manufacture TDA in Poland or supply TDA manufactured there.

11. Plaintiff's commercial TDA business continues to be exclusively managed from Trexlertown and the key managing employees in Plaintiff's TDA business are all based in Trexlertown. All senior business decisions relevant to this dispute, including Air Products' decision to agree to the price concessions described in the Complaint and the Memorandum, were made from Trexlertown.

12. Finally, I am aware that Defendant, in its Memorandum, refers to an affiliate of Air Products, Air Products Sp. z o.o., based in Warsaw. Although Defendant is correct that this entity is an Air Products company, it has never engaged in the business of selling TDA, the product at issue here. Air Products Sp. z o.o. is not a party to any of the supply agreements between Air Products and Ciech's subsidiary Zachem, and it was not a party to any of the negotiations described in the Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2013

Thomas Pillitteri