IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR PRODUCTS LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>CIECH, S.A.,<br><br>          Defendant. | Case No. 5:12-cv-6953-JKG |

## DECLARATION OF DR. HAB. ANDRZEJ KUBAS IN SUPPORT OF MOTION TO DISMISS ON THE BASIS OF *FORUM NON CONVENIENS*

I, Andrzej Kubas, declare as follows:

1.  I am a co-founder and senior partner of the Polish law firm Kubas Kos Gaertner sp.p. sp. k. For thirty years, I have practiced as an attorney-at-law, and I possess substantial experience in civil law, civil litigation, transnational litigation, and arbitration. I am a professor of civil law at the Faculty of Law and Administration at the Jagiellonian University in Kraków (the oldest university in Central Europe) and an expert of the committee of Sejm (the lower house of the Polish Parliament) for Justice and Human Rights, as well as a former member of the Legislative Council of the President of the Polish Council of Ministers (*i.e.*, the Polish Prime Minister). I was Vice-President of the Central Bar Council, the main body of the Polish Bar, and Deputy Dean of the District Bar Council in Kraków. I am over the age of eighteen, of sound mind, and otherwise fully competent to render this Declaration. I have personal knowledge of the matters stated herein, and they are true and correct.

2.  I have reviewed both the Second Amended Complaint filed in this dispute and the Declaration of Andrzej Wierciński filed by Plaintiff ("Wierciński Declaration"). In my view, the

PUSTA STRONA



Wierciński Declaration misstates Polish law in numerous ways. I have nonetheless been asked to respond to the Wierciński Declaration only in two respects.

3. *First*, contrary to the Wierciński Declaration, it was legally proper for the Polish Court of First Instance to serve on Zachem the Complaint by which Plaintiff instituted an appeal from the denial of its motion to secure Zachem's assets. Under Article 740.1 of the Polish Code of Civil Procedure ("CCP"), a court would not serve the obligated party (here, Zachem) with a decision to secure assets if that decision is subject to execution by means of enforcement. But a decision to *dismiss* a motion to secure assets (as well as an appeal against it) *is* served on the obligated party, since such a decision is not subject to execution in enforcement proceedings. Moreover, Plaintiff's motion to secure Zachem's assets invoked both methods subject to execution by means of enforcement (*e.g.*, seizure of bank accounts) and measures not subject to such enforcement (*e.g.*, establishment of compulsory mortgages on Zachem's property). Under Polish doctrine, when a motion to secure assets invokes "mixed" security measures, the entire decision on the motion (and any appeal) is subject to service.

4. *Second*, the Polish Civil Code ("CC") provides Plaintiff with a legal means to pursue the claims that it raises in this action. As an initial matter, I note that the Wierciński Declaration does not take the position that Articles 415 and 416 of the CC cannot provide a basis for Plaintiff's claims, but instead simply recites the language of those provisions and states that they provide "merely a general formulation of tort liability." In fact, Plaintiff could seek to hold Ciech liable under the general tort provisions. Prior decisions of the Polish courts establish that Plaintiff could prevail under these general tort provisions if it were able to prove that (i) as a result of Ciech's actions (ii) it suffered a damage and that Ciech's actions were (iii) unlawful and (iv) culpable. In particular, the Polish Supreme Court, in at least two cases, has stated that

- 2 -




inducing a contracting party in a dishonest manner or under untrue circumstances to accept unfavorable provisions of a contract constitutes a tort. (Judgment of the Supreme Court of June 27, 2012, file ref. no II CSK 636/11, Wolters Kluwer, Lex no 1216856; Judgment of the Supreme Court of June 2, 2004, file ref. no IV CK 400/03, Wolters Kluwer Lex no 10844). Polish case law similarly states grounds by which a third party can be liable for interfering with a contract between two other entities. (Judgment of the Appellate Court in Wrocław of March 20, 2012, file ref. no I ACa 137/12, Appellate Court's in Wrocław decisions website[1]). The claims in those cases are analogous to those that Plaintiff raises here. Furthermore, the Wierciński Declaration does not discuss an alternative legal ground for Plaintiff's claims under Polish law, cited in Ciech's Memorandum in Support of its Motion to Dismiss the Second Amended Complaint—namely, the provisions of the Act on Combating Unfair Competition of 16 April 1993. Article 3 of that Act defines an "act of unfair competition" as any "activity contrary to the law or good practices which threatens or infringes the interest of another entrepreneur or customer," and under Article 18, anyone who can establish that his interest has been infringed may obtain damages.

I declare hereby that the above is truthful.

Executed on 5 June 2013.

_____
Andrzej Kubas

---

[1] http://orzeczenia.wroclaw.sa.gov.pl/content/oszustwo/155000000000503_I_ACa_000137_2012_Uz_2012-03-20_001

**PUSTA STRONA**




KANCELARIA NOTARIALNA
*Joanna Greguła, Tomasz Kot, Joanna Gągała-Zając*
*Notariusze, Spółka cywilna*
31-506 Kraków, ul. Topolowa nr 11
tel.: (12) 422 61 62, 430 36 26, fax: (12) 421 87 77

Repertorium A nr 5229 /2013. ---------------------------------------------
Poświadczam, że Andrzej Jacek Kubas, używający imienia Andrzej, syn Tadeusza i Zofii, zamieszkały w Krakowie (30-218) przy ulicy Korbutowej nr 7, PESEL 41030703398, którego tożsamość ustalono na podstawie okazanego dowodu osobistego numer AVA824416, powyższy dokument wobec mnie notariusza Tomasza Kota w mojej Kancelarii Notarialnej w Krakowie przy ulicy Topolowej nr 11 (jedenaście), własnoręcznie podpisał. -----------------------------------------------
Pobrano: -----------------------------------------------------------------
- tytułem wynagrodzenia za dokonanie czynności notarialnej w/g § 13 rozporządzenia Ministra Sprawiedliwości z dnia 28 czerwca 2004 roku (Dz. U. Nr 148 poz. 1564 ze zm.) kwotę 20,00 zł, ---------------------
- podatek od towarów i usług na podstawie art. 41 w zw. z art. 146a pkt 1) ustawy z dnia 11 marca 2004 roku o podatku od towarów i usług (tj. Dz. U. z 2011 r., nr 177, poz. 1054 ze zm.) w stawce 23% w kwocie 4,60 zł, -------------------------------------------------------------------------
Łącznie pobrano kwotę: 24,60 zł (dwadzieścia cztery złote sześćdziesiąt groszy). -------------------------------------------------------------------
Kraków, dnia piątego czerwca dwa tysiące trzynastego roku (05-06-2013). ------------------------------------------------------------------

mgr Tomasz Kot
NOTARIUSZ

Prezes Sądu Okręgowego w Krakowie
Prez. Adm. 0231- 142/13/SO/3
Niniejszym poświadczam autentyczność podpisu
Pana(i) *Tomasza Kota*
notariusza Kancelarii Notarialnej w *Krakowie*
oraz pieczęci urzędowej.
Pobrano i skasowano opłatę skarbową
w kwocie 26,- słownie *dwadzieścia sześć złotych*
Kraków, dnia 05-06-2013

W/z PREZES
Sądu Okręgowego w Krakowie
SSO Michał Niedźwiedź

~2~



**APOSTILLE**
(Convention de La Haye du 5 octobre 1961)

1. Państwo / Country: **Rzeczpospolita Polska**
   Niniejszy dokument urzędowy / This public document
2. podpisany został przez
   has been signed by **Michał Niedźwiedź**
3. działającego w charakterze
   acting in the capacity of **Prezes**
4. zaopatrzony jest w pieczęć/stempel
   bears the seal/stamp of **Prezes Sądu Okręgowego w Krakowie**

Poświadczony / Certified
5. w / at Warszawa
6. dnia / the **2013-06-06**
7. przez / by Ministerstwo Spraw Zagranicznych Rzeczypospolitej Polskiej
8. Nr / N° **14977/2013**
9. Pieczęć/stempel
   Seal/stamp:
10. Podpis:
    Signature: Krzysztof Augustyniak
    St. radca